```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
RAPTURE SHIPPING LTD.,                   :
                                         :
                Plaintiff,               :  03 Civ. 738(JFK)
                                         :
        - against -                      :  OPINION AND ORDER
                                         :
ALLROUND FUEL TRADING CHEMOIL B.V.,      :
a/k/a CHEMOIL EUROPE B.V., and           :
CHEMOIL CORPORATION                      :
                                         :
                Defendants.              :
----------------------------------------X
```

**APPEARANCES**

**For Plaintiff Rapture Shipping Ltd.**

    TISDALE & LENNON, LLC
    11 West 42nd Street, Suite 900
    New York, New York 10036
      Of Counsel: Charles Murphy, Esq.

**For Defendant Allround Fuel Trading Chemoil B.V.**

    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
    150 East 42nd Street
    New York, New York 10017
      Of Counsel:  Lawrence B. Brennan, Esq.

**JOHN F. KEENAN, United States District Judge**

**JOHN F. KEENAN**, United States District Judge:

Plaintiff Rapture Shipping Ltd. ("Rapture") seeks leave to file an amended complaint that includes a prayer for maritime attachment pursuant to Supplemental Admiralty Rule B ("Rule B"). For the reasons set forth below, leave to amend is denied.

On January 31, 2003, Plaintiff Rapture Shipping Ltd. ("Rapture") filed an action in this district (complaint "03-738") seeking to recover damages arising out of a delivery of allegedly defective fuel to its vessel, the M/V MONAGAS II ("Monagas"). In its original complaint, Rapture asserted claims against Defendants Allround Fuel Trading B.V. and Chemoil Corporation (collectively, "AFT")[1] for products liability, negligence, and fraud. The original complaint also included the request that, if the defendants "cannot be found within this District, that all their property within this District be attached pursuant to Supplemental Admiralty Rule B." (Compl., p. 7, ¶ 2.) As Rapture concedes, the request for attachment in the original complaint did not comply with the requirements of Rule B and was not, therefore, a properly pled prayer for attachment. The Court did not act on the request. On April 21, 2003, AFT filed an answer and counterclaim. On May 8, 2003, the Court issued a Case Management Order that barred amendments to the pleadings after

---

[1] Defendant Allround Fuel Trading B.V. was erroneously sued herein as Allround Fuel Trading B.V. Chemoil.

2

July 11, 2003 and required discovery to be completed by November 24, 2003. On February 10, 2004, the Court granted AFT's motion to compel arbitration, and stayed the matter pending arbitration. On May 31, 2006, the matter was ordered administratively closed for statistical purposes.[2] Arbitration commenced in San Francisco on July 19, 2006.

On July 13, 2006, with the instant action pending before the Court, Rapture commenced a new action (complaint "06-5296"), solely against Defendant Allround Fuel Trading B.V., in which Rapture included a proper prayer for attachment pursuant to Rule B. Apart from the inclusion of a properly pled prayer for attachment, 06-5296 was duplicative of 03-738, involving virtually identical parties, claims, and underlying facts. Although Rapture initially obtained a Rule B attachment under 06-5296, the Court found dismissed 06-5296 with prejudice, as duplicative of 03-738, and vacated the order of attachment. See Rapture Shipping Ltd. v. Allround Fuel Trading B.V. Chemoil, 06 Civ. 5296, 2006 U.S. Dist. LEXIS 60771 (S.D.N.Y. Aug. 28, 2006).

---

[2]As the Court noted in its Order of August 28, 2006, an administrative closing "has no effect other than the removal of all case records to the Closed Records office and, in some instances, to warehouse storage outside of the courthouse." Rapture Shipping Ltd., 2006 U.S. Dist. LEXIS 60771, at * 3-4 (internal quotations omitted).

3

Having failed to attach the defendants' assets through its original complaint or through the commencement of a duplicative action, Rapture now seeks leave to amend its complaint and thereby properly plead a prayer for attachment under Rule B.  As Rapture concedes, the Proposed Amended Complaint includes the same causes of action that were included in the original complaint and alleges essentially the same facts. The Amended Complaint differs in substance only in that it seeks a different amount of damages, based on the addition of calculated interest and expenses, and, most importantly, in that it includes a properly pled prayer for attachment under Rule B, and is accompanied by the affidavit that Rule B requires.

Rapture's motion to amend is governed by Federal Rule 16(b).  Normally, leave to amend pleadings is evaluated under Rule 15, which provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, once a scheduling order has been entered in an action, which sets a deadline for amending a complaint, Rule 16(b) governs motions for leave to amend. Nairobi Holdings, Ltd. v. Brown Bros. Harriman & Co., 02 Civ. 1230, 2006 U.S. Dist. LEXIS 9931 (S.D.N.Y. Mar. 10, 2006) (citing Parker v. Columbia Pictures Indus., 204 F.3d 236, 339 (2d Cir. 2000)).

4

Here, the Court entered a Case Management Order that set a deadline for amendments to pleadings of July 11, 2003. Thus, Rule 16(b) governs the instant motion for leave to amend.

Under Rule 16(b), a scheduling order "shall not be modified except upon a showing of good cause . . . ." A court retains the discretion to deny a party's motion to amend its pleadings if, absent a showing of good cause, the motion is made after the time provided for in the scheduling order. See Nairobi Holdings, Ltd., 2006 U.S. Dist. LEXIS 9931; NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd., 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003). To show good cause within the meaning of Rule 16(b), a party must demonstrate that the scheduling deadline could not be met despite the moving party's diligence. See Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003) (determining that a finding of good cause under Rule 16(b) turns on the diligence of the party seeking to amend).

Rapture has not shown that there is good cause for modifying the Case Management Order and granting leave to amend. Rapture's attempted amendment comes three years and nine months after the commencement of the action, more than three years after the final amendment date set in the Case Management Order, and nearly three years after the close of discovery. As Rapture concedes, the original complaint and Proposed Amended Complaint are virtually identical. Rapture does not seek leave to amend

5

because of any new facts or new law that have come to light since it filed its original complaint.  Rapture could have filed an amended complaint that included a proper prayer for Rule B attachment prior to the July 11, 2003 deadline for amendments.  In sum, Rapture has made no attempt to show that it has exercised diligence and, indeed, cannot make such a showing.

Rapture urges that leave to amend should be granted because it is within the Court's discretion and there are no circumstances, such as undue prejudice, dilatory motive, bad faith, or futility, that warrant denial of leave to amend.  Under Rule 16(b), however, the mere absence of prejudice, bad faith, futility, or similar factors is not sufficient to constitute "good cause."  See Nairobi Holdings, Ltd., 2006 U.S. Dist. LEXIS 9931; Carnrite v. Granada Hosp. Group, Inc., 175 F.R.D. 439, 448 (W.D.N.Y. 1997) (denying motion to amend under Rule 16(b) where the plaintiff's arguments centered on lack of prejudice to defendants and lack of delay in the proceedings).  Courts of this Circuit have in their discretion refused to grant leave to amend where the moving party, like Rapture, seeks to amend well after the date set in the scheduling order and has not made a showing of good cause.  See, e.g., Grochowski, 318 F.3d at 86 (upholding denial of motion to amend where plaintiffs delayed more than one year before seeking to amend complaint, and filed amendment after discovery had been completed); Parker, 204 F.3d at 340-41

6

(upholding a finding that plaintiff had not shown good cause under Rule 16(b) where plaintiff was aware of the relevant facts "prior to and throughout the course of this litigation"); Presbyterian Church of Sudan v. Talisman Energy, Inc., 01 Civ. 9882, 2006 U.S. Dist. LEXIS 64579 (S.D.N.Y. Sept 12, 2006). As noted above, Rapture cannot show that it exercised diligence, and the Court need not determine whether the proposed amendment is dilatory, futile, in bad faith, or unduly prejudicial to AFT.

Accordingly, Rapture's motion for leave to amend is DENIED.[3]

**SO ORDERED.**

Dated:   New York, New York
         October 26, 2006

*/s/ John F. Keenan*

**JOHN F. KEENAN**
**United States District Judge**

---

[3] Because leave to amend is denied, Rapture's prayer for maritime attachment under Rule B is not before the Court.